IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL E. RODRIGUEZ, | : | CIVIL ACTION |
| Plaintiff | : | NO. 05-1786 |
| v. | : | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | : | |
| Defendant | : | |

**O R D E R**

**AND NOW**, this **26th** day of **April, 2006**, upon consideration of the Report and Recommendation filed by Magistrate Judge Linda K. Caracappa (doc. no. 19)[1] and the cross motions for summary judgment filed by the parties (doc. nos. 9 & 15), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[2]

---

[1] The Commissioner did not file Objections to the Report and Recommendation.

[2] The role of this Court is to determine whether the Commissioner's decision is supported by substantial evidence on the record. See 42 U.S.C. § 405(g); Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Upon review of the Report and Recommendation and the decision of the ALJ, the Court accepts the findings of Magistrate Judge Caracappa that the Commissioner's decision denying plaintiff SSI is not supported by substantial evidence on the record.

Whether the Court, however, should award benefits, as recommended by Magistrate Judge Caracappa, or remand the matter for further administrative proceedings requires additional discussion. The Third Circuit has held that the district court

should award benefits "only when [1] the administrative record of the case has been fully developed and when [2] substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (quoting Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984)). "When faced with such cases, it is unreasonable for a court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would result only in further delay in the receipt of benefits." Podeworny, 745 F.2d at 222.

Both parts of the test are met here. First, the administrative record has been fully developed. In cases where the ALJ did not complete the five-step sequential evaluation, the Third Circuit has been hesitant to award benefits and will remand the matter for further administrative proceedings. See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 549-50 (3d Cir. 2003). However, where the record is fully developed and further administrative hearings would merely delay the ultimate receipt of benefits, the court should award benefits. See Morales, 225 F.3d at 320; Woody v. Sec'y of Health & Human Serv., 859 F.2d 1156, 116-63 (3d Cir. 1988); Caffee v. Schweiker, 752 F.2d 63, 68 (3d Cir. 1985).

In the instant case, the ALJ discussed each step of the five-step sequential evaluation. (While the ALJ found that plaintiff did not satisfy step four, she proceeded to discuss step five.) Additionally, plaintiff's case has already once been remanded back to the ALJ and plaintiff has been subjected to several consultative examinations. The Court finds that the record is fully developed and there is no justification to add further abeyance.

Second, there is "substantial evidence on the record as a whole indicat[ing] that [plaintiff] is disabled and entitled to benefits." Morales, 225 F.3d at 320. Over six years of administrative and judicial proceedings have produced a record that reveals that plaintiff suffers from a disabling mental impairment, even absent the impact of his drug addiction, that warrants supplemental security income. (Report & Recommendation 16-24.)

Accordingly, the Court finds that the decision of the ALJ is reversed and benefits should be awarded. Remand for further administrative hearings would only delay a conclusion that can be reached by this Court now–that plaintiff suffers from

2. Plaintiff's motion for summary judgment is **GRANTED;**

3. Defendant's motion for summary judgment is **DENIED;**

4. The decision of the Commissioner, which denied disability insurance benefits and supplemental security income to Plaintiff, is **REVERSED;** and

5. The matter is **REMANDED** to the Commissioner for a calculation of benefits only.

**AND IT IS SO ORDERED.**

**S/Eduardo C. Robreno**
**EDUARDO C. ROBRENO, J.**

a sever mental disability that renders him unable to engage in substantial gainful activity.